# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| IN RE: AGRIPROCESSORS, INC., <br> Debtor. <br> JOSEPH E. SARACHEK, in his capacity as Chapter 7 Trustee, <br> Appellant, <br> vs. <br> LUANA SAVINGS BANK, <br> Appellee. | No. 15-CV-1015-LRR <br><br> **ORDER** |

The matter before the court is Appellant and Trustee Joseph E. Sarachek's ("Trustee") "Motion to Strike" ("Motion") (docket no. 10), which he filed on July 8, 2015. On July 10, 2015, Appellee Luana Savings Bank ("Bank") filed a "Resistance to Trustee's Motion to Strike" ("Resistance") (docket no. 12). In the Motion, the Trustee requests that the court strike portions of the Bank's "Appeal Brief" ("Brief") (docket no. 9). The Brief includes an addendum containing an interpretive letter from the Comptroller of the Currency and a guidance letter from the Iowa Superintendent of Banking. Brief at 25-34. The Trustee argues that the addendum materials are not part of the trial record in this case and that the materials "unfairly prejudice the Trustee" because there has been no testimony regarding their applicability to the instant action or the authority of their contents. Motion at 2. The Trustee requests that the court strike the addendum materials and the arguments pertaining to such materials. *Id*. The Bank argues that the materials in the addendum constitute legal authority, not evidence. Resistance at 1. Therefore, the Bank maintains that the materials in the addendum need not have been introduced at trial because they are not evidence in the case. *Id*. at 2.

Initially, the court notes that the Trustee has cited no authority to support his claim that the addendum materials should be considered evidence rather than legal authority. Instead, he relies on the fact that, even though the addendum materials were available at trial, the Bank failed to introduce them, and he contends that citing to the materials for the first time on appeal is prejudicial. Motion at 1-2. The Bank cites *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), arguing that the Supreme Court recognizes the authoritative (rather than evidentiary) nature of such letters. Resistance at 2.

The court agrees with the Bank that the letters are most properly understood as persuasive legal authority. In *Kalda v. Sioux Valley Physician Partners, Inc.*, the Eighth Circuit Court of Appeals recognized that "[a]gency interpretations in opinion letters are 'entitled to respect' [by the courts] to the extent that they have the 'power to persuade.'" 481 F.3d 639, 647 (8th Cir. 2007) (quoting *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000)); *see also Misewicz v. City of Memphis*, 771 F.3d 332, 340 (6th Cir. 2014) (characterizing opinion letters as "persuasive authority"). While the agency's interpretation of the law in such documents is not binding on the court, the Supreme Court has made clear that such an interpretation can provide valuable guidance to courts and may be persuasive. *See Christensen*, 529 U.S. at 587; *Skidmore*, 323 U.S. at 140. The Supreme Court's distinction between interpretations that are binding with the "force of law" and those that are merely persuasive speaks to the nature of these documents as legal authority rather than evidence. *Christensen*, 529 U.S. at 587. Case law, the prototypical breed of legal authority, is often spoken of in the same terms. *See, e.g.*, *White v. Nat'l Football League*, 756 F.3d 585, 595 (8th Cir. 2014) (distinguishing between binding case precedent and precedent with "persuasive value"); *United States v. Guevara*, 408 F.3d 252, 258 (5th Cir. 2005) ("Although there is no binding precedent in this circuit, there is persuasive authority that guides our analysis."); *Moland v. Bil-Mar Foods*, 994 F. Supp. 1061, 1976 (N.D. Iowa 1998) ("[A] decision of a sister circuit court of appeals[] is not

2

binding precedent in this district court, it is persuasive authority."). Opinion letters, interpretive letters and other such documents are not concerned with determining the facts of a specific case. Rather, they are concerned with explicating more generally what the law is and what the law means. The purpose of legal authority is to inform the court's decision.

Furthermore, the Trustee's concerns regarding the addendum materials belies their nature as legal authority. As discussed above, the Trustee argues, *inter alia*, that he had no opportunity at trial to test "whether the particularities of the relationship in this case might alter the general statements" in the addendum materials or "whether the matters addressed in [the materials] properly apply to [the Bank's] relationship with [the Debtor]." Motion at 2. The Trustee's true issue with the materials, it appears, is their germaneness to this case—a concern squarely within the purview of questions regarding the persuasiveness of legal authority in a given case. Therefore, the court finds that the addendum materials constitute legal authority.

Because the addendum materials are legal authority, the Bank may cite to them for the first time on appeal. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 773 n.20 (7th Cir. 2010) (noting that "[a] litigant may cite new authority on appeal" (citing *United States v. Rapone*, 131 F.3d 188, 196 (D.C. Cir. 1997)); *see also* LR 8001(b) (authorizing a party to file an addendum to its brief containing "statutes, rules, regulations, or similar material"). So long as a party is not attempting to raise an issue on appeal that was not presented at trial, citation to a distinct line of legal authority supporting its argument is appropriate. *Metavante*, 619 F.3d at 773 n.20. The Bank cites to the addendum materials only five times in its Brief, and each citation pertains to an argument that the Bankruptcy Court considered below. *See* Brief at 14-15, 18. The Bank is not attempting to utilize this new authority to advance a new argument on appeal. Rather, it cites the new authority to bolster its existing arguments, and, therefore, its citation to and

inclusion of the addendum materials is appropriate. Therefore, the court finds that the addendum materials constitute legal authority and that the Bank properly brought them before the court for the first time on appeal. Accordingly, the Motion (docket no. 10) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED** this 10th day of September, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA